IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSE ALFREDO CRUZ, | CRIMINAL ACTION NO. 1:07-cr-145-WSD-LTW |
| Movant, | |
| v. | |
| UNITED STATES OF AMERICA, | CIVIL ACTION NO. 1:11-cv-2732-WSD-LTW |
| Respondent. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R") [438] on Jose Alfredo Cruz's ("Movant") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") [431], "Second Emergency Request and Reminder Letter Requesting for the Urgency of Justice to Cure an Injustice" ("Second Motion for a Hearing") [437], "Legal Request" ("Motion for Leave to File Witness Statements") [442], and "Emergency Remainder (sic) Letter and Request for a Prompt Evidentiary Hearing Under the Above Civil Action" ("Third Motion for a Hearing") [444].

## I. BACKGROUND

The indictment in this case charged Movant with conspiracy, possession with intent to distribute cocaine and methamphetamine, and money laundering. At trial, the Court entered a judgment of acquittal, pursuant to Movant's Rule 29 motion, on the charge of money laundering [252]. On September 12, 2008, Movant was convicted by a jury of conspiracy to possess with intent to distribute cocaine and methamphetamine, and possession of cocaine with intent to distribute [256].

Movant was tried with a co-conspirator, Nattu Julian Valladarez. Another co-conspirator, Jaime Sol Rey ("Sol Rey"), pled guilty to the drug conspiracy during *voir dire* of the jury panel [246]. Sol Rey did not testify at Movant's trial.

Following his conviction, Movant obtained new counsel to file his Motion for New Trial [289], Motion To Reopen and/or Reconsider Motion for New Trial [348], and direct appeal to the Eleventh Circuit Court of Appeals [367].

On January 16, 2009, Movant moved for a new trial on the grounds that (1) his trial counsel rendered ineffective assistance by failing to present Sol Rey's testimony at trial and by failing to seek disclosure of Drug Enforcement Agent Cromer's handwritten notes concerning Movant's post-arrest statements, and (2)

the Government violated Movant's due process rights by failing to disclose Agent Cromer's handwritten notes.

On March 4, 2009, the Court denied Movant's Motion for New Trial, [326], finding that (1) Movant's trial counsel was not constitutionally ineffective for failing to call Sol Rey as a witness at trial or for failing to seek disclosure of Agent Cromer's notes, and (2) Movant was not entitled to Agent Cromer's handwritten notes under the Federal Rules of Criminal Procedure, Jencks Act, or applicable decisions of the United States Supreme Court.

On July 1, 2009, Movant filed his Motion to Reopen and/or Reconsider Motion for a New Trial. In support of the motion, Movant submitted an affidavit from Sol Rey, in which Sol Rey stated that Movant was neither aware of nor involved with the drug transaction that was the subject of the trial [352, 352.1]. Movant also filed a motion for a writ to require Sol Rey to be transported from prison to the Court to testify both at Movant's sentencing and in support of Movant's motion for reconsideration [353]. The Court denied Movant's motion for the writ, [361], and denied his motion for reconsideration [365]. The Court sentenced Movant to ten years' imprisonment and five years of supervised release [366].

On August 3, 2009, Movant, assisted by new appellate counsel, appealed his conviction. Movant argued as grounds for his appeal that the Court had erred by denying his pre-trial motion to suppress evidence and that insufficient evidence was presented at trial to convict him. United States v. Cruz, 428 F. App'x 912, 913 (11th Cir. 2011). The Eleventh Circuit Court of Appeals affirmed Movant's convictions [425]. Id. at 915.

On August 16, 2011, Movant filed his *pro se* § 2255 Motion supported by two affidavits.[1] In his § 2255 Motion Movant claims (1) that the Government engaged in prosecutorial misconduct in violation of his due process rights by presenting false testimony at trial, and by failing to produce Agent Cromer's handwritten notes of Movant's post-arrest statements to the DEA agents; and (2) that his trial counsel rendered ineffective assistance by failing to interview Sol Rey and call him as a witness at trial, and by failing to seek Agent Cromer's handwritten notes of Movant's post-arrest statements.

On December 30, 2011, Magistrate Judge Walker issued her Final R&R, recommending that Movant's § 2255 Motion be denied and that he be denied a

---

[1] The affidavits were offered in support of Movant's Emergency Reminder to the Assigned Judge ("First Motion for a Hearing") [431.2, 431.3, 436]. On December 20, 2011, Movant filed his Second Motion for a Hearing [437].

4

certificate of appealability [438]. The Magistrate Judge also denied Movant's request for a hearing [436].

On January 12, 2012, Movant filed his "Traverse Response and Opposition to the Magistrate's Order and Recommendation with Attached Material Evidence" ("Objections") [439]. Movant later filed his Motion for Leave to File Additional Witness Statements, [442], and Third Motion for a Hearing [444]. On August 24, 2011, Respondent replied to Movant's Objections [448]. On September 7, 2012, Movant filed a "Traverse Response to the Government's Response to Petitioner[s] Evidence in Support of Petitioner Cruz['s] 2255 Motion," [449], and a letter addressed to the Court [450].[2]

---

[2] In addition to these Motions, Movant filed a response to the Government's response to his Objections, [449], and four additional documents containing what Movant purports to be supporting evidence ("Sworn Allegation and Complaint Against Attorney Grossman for Fraud, Corruption, Bribery and Deceit in Practice in the Case of United States of America vs. Alfredo Cruz" [440], "Witness allegation and request for the Chief Judge, the Honorable Judge prompt intervention to remedy a sensitive issue in the case of Jose Alfredo Cruz vs. United States of America" [443], "Notice, reporting breaking legal news and third request for a prompt Evidentiary Hearing in the interest of Justice seeking to cure the effect of a gross injustice and miscarriage of Justice" [445], and "Newly Discovered Evidence in support of petitioner Cruz 2255 motion" [446]).

5

## II. DISCUSSION

A. Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B. Analysis

1. *Movant's Objections to the R&R*

Movant sets forth his objections to the R&R in thirty-eight (38) vague and overlapping paragraphs. Liberally construing Movant's Objections, the Court

finds that Movant objects to the Magistrate Judge's findings that: (1) Movant made an incriminating statement to the DEA agents after his arrest; (2) Movant procedurally defaulted on his claim that Respondent engaged in prosecutorial misconduct; (3) Movant's trial counsel was not constitutionally ineffective; (4) Movant did not demonstrate that his procedural default should be excused based on the actual innocence exception; and (5) Movant is not entitled to a hearing. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (stating that courts should liberally construe a *pro se* petition). The Court carefully reviewed the remainder of the Objections and finds, even when liberally construed, that Movant has not stated any other specific objection to the findings and recommendations of the Magistrate Judge or stated how they are factually or legally incorrect.[3] See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."); Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("[T]o challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for

---

[3] Movant lists in his Objections the elements of a Brady violation, but does not allege which specific facts result in a Brady violation in this case. To the extent that Movant objects to the R&R on the basis of a Brady violation, his objection is overruled.

objection."); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

After a careful review of those portions of the R&R to which Movant did not assert objections, the Court finds that the Magistrate Judge did not plainly err and they are adopted by the Court. The Court next conducts its *de novo* review of those portions of the R&R to which Movant has objected.[4]

### 2. *Movant's objection that he did not make an incriminating statement to the DEA agents is overruled*

Movant claims in his § 2255 Motion and in the Objections that he did not make an incriminating statement to the DEA agents following his arrest. After

---

[4] The Court is not required to consider arguments and materials that are submitted for the first time as part of a movant's objections to a magistrate judge's R&R. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009); Wofford v. Wainwright, 748 F.2d 1505, 1507-08 (11th Cir. 1984); Sharp v. Gen. Motors Acceptance Corp., No. 1:04-CV-2692-WSD, 2005 WL 3455850, at *3 (N.D. Ga. Dec. 16, 2005) (submitting information to the district court not submitted to the Magistrate Judge "would invite future litigants to adopt a 'wait and see' approach with respect to the magistrate judge's decision and then, with the benefit of the magistrate judge's opinion, offer a new set of arguments for the district judge to consider."). However, the Court has considered Movant's filings made subsequent the R&R, to include the statements from Sol Rey and Movant's friends and family, in reaching its conclusions in this Order and finds nothing submitted by Movant after the R&R was issued supports granting any relief on any of Movant's claims in his § 2255 Motion.

conducting a careful review of the record, the Court overrules Movant's conclusory, unsupported objection that "such a statement does not exist." Movant does not offer any evidence that he did not make an incriminating statement, and did not offer new evidence to contradict the DEA agent's testimony at trial that the statement was made after Movant was advised of his rights. After reviewing the DEA agent's testimony and her responses on cross-examination at trial, the Court adopts the facts as set forth in the R&R and Movant's objection is overruled.

        3.     *Movant's allegations of Respondent's prosecutorial misconduct are procedurally defaulted*

On its *de novo* review, the Court finds that Movant procedurally defaulted his claim that Respondent engaged in prosecutorial misconduct resulting in a violation of his due process rights because Movant failed to raise this issue on appeal. Federal courts have consistently held that a collateral challenge to a federal conviction and sentence "may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). "[O]nce a defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Id. at 166.

A movant must assert all available challenges on direct appeal. See Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). If an available challenge to a federal criminal conviction or sentence is not asserted on direct appeal, those claims will be considered procedurally defaulted in a § 2255 proceeding. Id. A § 2255 movant can avoid a procedural bar of the claim by demonstrating one of two exceptions to the general procedural default rule. Lynn, 365 F.3d at 1234. The movant must establish "cause for not raising the claim of error on direct appeal and actual prejudice resulting from the alleged error." Id. "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] . . . from raising his claims on direct appeal and that this factor cannot be fairly [attributed] to [his] own conduct." Id. at 1235. The court may excuse the failure to show cause for a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 1234-35 (internal quotation and citation omitted). Neither of these exceptions apply here.

Movant's claim that Respondent engaged in prosecutorial misconduct was not raised on direct appeal, and therefore is procedurally defaulted.[5] It is

---

[5] The Court finds that Movant's recent claim, submitted after his Objections to the R&R, that the Government violated the Jencks Act and Brady v. Maryland by failing to provide the defense with the grand jury transcripts for those witnesses

undisputed that Movant did not raise on direct appeal his claim that Respondent violated his due process rights by presenting false testimony at trial and by failing to disclose Agent Cromer's handwritten notes. Movant next claims that the lawyer who represented him on appeal did not raise these issues and that Movant "could not compel him" to do so. The Court finds that appellate counsel's refusal to raise the claim does not constitute ineffective assistance or cause for excusing his procedural default on this claim. As explained in the R&R, the Court previously considered and rejected the argument that Movant was entitled to the handwritten notes when Movant moved for a new trial, and found it without merit. Movant has not presented any evidence of prosecutorial misconduct or false testimony either in his § 2255 Motion or his Objections to the R&R. Movant's objection to the Magistrate Judge's finding that he procedurally defaulted on his claim that Respondent engaged in prosecutorial misconduct is overruled.

> 4. *Movant's claim of actual innocence does not excuse his procedural default*

A court also may review a claim procedurally defaulted in a § 2255 motion that was not raised on appeal if "a constitutional violation has probably resulted in

---

who testified at trial, [446], is also procedurally defaulted. These claims were available at the time Movant filed his direct appeal and Movant has not alleged any facts that prevented him from raising these claims on appeal. The transcripts were also made available to Movant.

the conviction of one who is actually innocent" and thus would result in a fundamental miscarriage of justice absent review. Lynn, 365 F.3d at 1234-35 (quotations omitted). Actual innocence means factual innocence, not mere legal innocence. Id. at 1235 n. 18. (quotations omitted). A § 2255 movant must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" not presented at trial. Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).

The Court finds that Movant's procedural default is not excused because Movant did not show that it is more likely than not that he is actually innocent of the crimes for which he was convicted.[6] The Court agrees with the Magistrate Judge that Movant did not show that the handwritten notes contained evidence that would support his actual innocence.[7]

---

[6] The Court liberally construes Movant's Objections to include an objection to the Magistrate Judge's finding that he had not made a satisfactory showing of actual innocence, and thus the Court reviews the Magistrate Judge's conclusion *de novo*.
[7] To the extent that Movant objects to the R&R on the grounds that Sol Rey's or any of the other affidavits he has submitted constitute new evidence in support of his actual innocence claim, his objection is overruled. A number of these affidavits were not submitted before the R&R was filed and the Court is not required to consider them. See Williams, 557 F.3d at 1292; Wofford, 748 F.2d at 1507-08; Sharp, 2005 WL 3455850, at *3. Furthermore, the statements from Sol Rey and Movant's friends and family members are not new, reliable evidence that supports a claim of actual innocence to excuse a procedural default because, even with this testimony, it is not "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." See Kuenzel v. Comm'r, Ala. Dep't

To the contrary, DEA Agent Bowen testified about Movant's incriminating post-arrest statements. Movant's trial counsel rigorously cross-examined the agent regarding the incriminating statements [289]. Movant's claim that he never made an incriminating statement to Agent Cromer is contradicted by the evidence at trial and Movant did not establish his actual innocence. Movant's objection to the Magistrate Judge's finding that the actual innocence exception does not excuse his procedural default is overruled.

> 5. *Trial counsel's failure to offer Sol Rey's testimony or seek Agent Cromer's notes does not amount to ineffective assistance of counsel*

The Court finds that Movant's trial counsel did not render constitutionally ineffective assistance by failing to offer the testimony of co-conspirator Sol Rey or to by failing to seek Agent Cromer's handwritten notes. To prove counsel was ineffective, a § 2255 movant must show that his counsel's performance was deficient, meaning that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. Strickland v. Washington, 466 U.S. 668, 689, 692 (1984). The Court is "highly deferential" in scrutinizing counsel's

---

of Corr., 690 F.3d 1311, 1314-15 (11th Cir. 2012) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); see also Milton v. Sec'y, Dep't of Corr., 347 F. App'x 528, 531-32 (11th Cir. 2009) (affidavits from fellow inmates and family members created after trial not sufficiently reliable evidence to support a claim of actual innocence).

13

performance. Id. at 689. It "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) (internal quotations omitted).

Even if the "below objectively reasonable standard" had been met, a court must then determine whether counsel's challenged acts or omissions prejudiced the movant, specifically, whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Here, Movant fails to meet either prong of the Strickland test.

Movant did not show that no reasonably competent lawyer would have failed to offer Sol Rey's testimony or seek Agent Cromer's notes. The Court also finds that Movant has not shown that there is a reasonable probability that the result of the proceeding would have been different if his trial counsel had sought the either the testimony or the notes.[8]

---

[8] To the extent that Movant also objects to the R&R on the ground that his appellate counsel rendered constitutionally ineffective assistance, [439.1, 449], by failing to raise the issue of prosecutorial misconduct or any other issues on appeal, Movant's objection is overruled. Movant has not shown that his appellate counsel's conduct fell below objectively reasonable standards or, even if it did and

14

### (a) Sol Rey's Testimony

The Court also finds that Movant did not demonstrate ineffective assistance of counsel based on his trial counsel's decision not to call Sol Rey as a witness [326, 289]. "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that [the courts] will seldom, if ever, second guess." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc). Neither Movant's § 2255 motion, his Objections to the R&R, or his supporting affidavits contain any additional evidence to demonstrate ineffective assistance of counsel. Assuming that Sol Rey would have told Movant's trial counsel that he was willing to testify as to Movant's innocence, Movant has not shown that no reasonable lawyer would have failed to interview Sol Rey or call him as a witness considering the other evidence of Movant's involvement in the criminal conduct alleged. A reasonably prudent lawyer would have been aware of Sol Rey's significant credibility issues. In considering the evidence against Movant and Sol Rey's proposed testimony, it is improbable that the testimony would have changed the jury's conclusion that Movant was involved in the conspiracy. The evidence

---

there was an unprofessional error, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 689, 692, 694.

strongly showed he was aware of and involved in a conspiracy to engage in the trafficking and in the illegal possession of cocaine, intending to distribute it.

### (b) *Agent Cromer's notes*

Movant's trial counsel's failure to seek Agent Cromer's handwritten notes also did not constitute ineffective assistance of counsel. Movant merely asserts that he never made an incriminating statement to the DEA agents, and he does not advance any new argument to support his assertion or to show that he was entitled to the notes. This Court previously determined that Movant was not entitled to the notes under the Federal Rules of Criminal Procedure, the Jencks Act, or applicable Supreme Court precedent [289]. Movant has not presented any evidence to require the Court to reconsider this prior conclusion. Trial counsel is not obligated to make meritless requests, and Movant has not shown that counsel's failure to seek Agent Cromer's handwritten notes fell outside the wide range of reasonably competent assistance to which Movant was entitled. United States v. Rodriguez, 283 F. App'x 743, 745 (11th Cir. 2008).

Movant also has not advanced any evidence to support his objection that the outcome of the trial would have been different if counsel sought the handwritten notes. As noted in the R&R, Movant's trial counsel established that Agent Cromer did not make a recording of Movant's incriminating statement, and Agent Cromer

did not testify about the statement. It is less than reasonably probable that obtaining his handwritten notes would have changed the jury's decision that Movant was involved in the conspiracy. Movant's objection to the determination that his trial counsel rendered ineffective assistance is overruled.

### 6. *Movant is not entitled to an evidentiary hearing*

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See 28 U.S.C. § 2255(b); Lynn, 365 F.3d 1239 (noting that prisoner seeking collateral relief "is *not* entitled to an evidentiary hearing . . . when his claims are merely conclusory allegations unsupported by specifics."). Because Movant's § 2255 Motion and his Objections are not supported by more than conclusory allegations, the Court finds that Movant is not entitled to a hearing. Movant's objection to the R&R on this ground is overruled and his Second and Third Motion for a Hearing [437, 444] are denied.

### 7. *Certificate of appealability*

A federal prisoner must obtain a certificate of appealability (COA) before appealing the denial of his motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to" a § 2255 movant. Rule 11(a) of the Rules

Governing Section 2255 Proceedings (also providing that "[i]f the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22").

A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir. 2009) (citing Miller-El v. Cockrell, 537 U.S. 322, 337, 342 (2003)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555

U.S. 113, 118 (2009) (internal quotations omitted) (quoting Slack, 529 U.S. at 484). Although Slack involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. See Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying Slack standard in § 2255 case).

The Court concludes that no reasonable jurist could argue that Movant has met his burden of establishing that he did not procedurally default his claims or that he made a substantial showing of the denial of a constitutional right. A certificate of appealability is required to be denied.

### IV. CONCLUSION

For the foregoing reasons, and having reviewed *de novo* those findings and recommendations in the R&R to which Movant has asserted an objection, and having reviewed for plain error the remaining findings and recommendations in the R&R to which an objection was not asserted,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Movant's Objections to the R&R [439, 441].

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the findings and recommendations in the R&R [438].

**IT IS FURTHER ORDERED** that Movant's § 2255 Motion is **DENIED,** and Movant is **DENIED** a certificate of appealability [431].

**IT IS FURTHER ORDERED** that Movant's Second and Third Motions for a New Hearing [437, 444] are **DENIED.**

**IT IS FURTHER ORDERED** that Movant's Motion for Leave to File Witness Statements [442] is **GRANTED.**

**SO ORDERED** this 19th day of December, 2012.

_/s/ William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE